UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KENNETH PRUITT,<br>  Petitioner, | Case No. 1:14-cv-20 |
| vs. | Black, J.<br>Wehrman, M.J. |
| OHIO ADULT PAROLE<br>AUTHORITY,[1]<br>  Respondent. | REPORT AND<br>RECOMMENDATION |

Petitioner, who was in prison until recently and is now serving a term of post-release control under the supervision of the Ohio Adult Parole Authority (OAPA), has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case is before the Court on the petition and respondent's amended return of writ with exhibits, as well as an additional pleading filed by petitioner which this Court has stated it would consider in adjudicating his claims for relief. (Docs. 1, 4, 13; *see also* Doc. 14).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

In March 2009, the Hamilton County, Ohio, grand jury returned an indictment charging petitioner with three counts of possession of cocaine in violation of Ohio Rev. Code § 2925.11(A), three counts of trafficking in cocaine in violation of Ohio Rev. Code § 2925.03(A),

---

[1] In the petition, petitioner properly named the Warden of Pickaway Correctional Institution (PCI) as respondent because petitioner was confined at PCI at the time the action commenced. (*See* Doc. 1). Thereafter, petitioner notified the Court that he was "scheduled to be released from prison" on February 18, 2014 and requested "that any filings after that date be forwarded" to his attention at a residential address that he provided. (*See* Doc. 8). The respondent has confirmed in the amended return of writ filed on April 16, 2014 that petitioner was released from prison on February 18, 2014 "upon serving his maximum stated sentence" and is now serving "his post-release control sentence" under the supervision of the Ohio Adult Parole Authority (OAPA). Because it thus appears that petitioner is now in the custody of the OAPA, the caption of the case is hereby changed to reflect that the OAPA is the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

and one count of having weapons while under disability in violation of Ohio Rev. Code § 2923.13(A)(3). (Doc. 13, Ex. 1). On March 22, 2010, petitioner entered a guilty plea to all charges. (*Id.*, Ex. 2). However, on April 19, 2010, petitioner, who was assisted by new counsel, filed a motion to set aside the plea on the ground that he "did not fully understand the issues of his underlying case and entered a plea that was not knowing[], voluntary[y], or free of duress." (*Id.*, Ex. 3). The trial court denied the motion on July 28, 2010. (*Id.*, Ex. 4).

Following a sentencing hearing, the trial court issued an entry on August 3, 2010, sentencing petitioner to concurrent five-year terms of imprisonment on each count. (*Id.*, Ex. 5). On September 22, 2010, the trial court held a resentencing hearing in order to provide petitioner with post-release control notification. (*See id.*, Exs. 9-10). The final resentencing entry, which did not change petitioner's aggregate five-year prison sentence, was filed on December 13, 2010. (*Id.*, Ex. 10).

## State Appeal Proceedings

Petitioner filed a timely *pro se* notice of appeal from the August 3, 2010 entry of judgment and sentence to the Ohio Court of Appeals, First Appellate District. (Doc. 13, Ex. 11). With the assistance of new counsel for appeal purposes, petitioner filed a brief raising the following assignments of error:

1. The trial court erred as a matter of law by overruling Appellant's motion to withdraw his guilty plea.

2. The trial court erred as a matter of law by sentencing Appellant to allied offenses of similar import.

3. Appellant was denied effective assistance of counsel in violation of his constitutional rights thus prejudicing his right to a fair hearing.

(*Id.*, Ex. 12). Petitioner specifically alleged in his third assignment of error that his counsel was ineffective by allowing him to enter guilty pleas to allied offenses of similar import and failing to object to the sentence that was imposed for the allied offenses. (*See id.*, p. 6, at PAGEID#: 524).

On September 30, 2011, the Ohio Court of Appeals issued an Opinion overruling petitioner's first assignment of error. (*See id.*, Ex. 14, p. 2, at PAGEID#: 542). However, the court sustained petitioner's second assignment of error, finding that petitioner had been "improperly convicted of trafficking and possession charges where they were allied offenses of similar import and, as such, should have been merged at sentencing." (*Id.*, p. 3, at PAGEID#: 543). The court reasoned in pertinent part:

> Pruitt was charged in counts one and two for possessing and trafficking in cocaine involved in a "controlled buy" with law enforcement. Counts three and four involved the possession and trafficking of crack cocaine found in his residence. And counts five and six involved the possession and trafficking of "cocaine that was not crack cocaine," also found in his residence. Imposing sentences for each of the six counts, even concurrent sentences, was improper.

(*Id.*). The court, therefore, remanded the matter to the trial court "to allow the state to elect between counts one and two, counts three and four, and counts five and six" and to sentence petitioner "on only those three counts upon which the state has elected to proceed." (*Id.*). Finally, given that petitioner's second assignment of error had been sustained, the Ohio Court of Appeals found that petitioner's third assignment of error was "moot." (*Id.*).

Petitioner pursued a timely *pro se* appeal to the Ohio Supreme Court from the portion of the Ohio Court of Appeals' direct appeal decision affirming the trial court's judgment. (*See id.*, Ex. 16). In his memorandum in support of jurisdiction, petitioner presented one proposition of law challenging the trial court's decision to deny his motion to withdraw his guilty plea. (*See id.*, Ex. 17). On February 1, 2012, the Ohio Supreme Court denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.*, Ex. 19).

### State Resentencing Proceedings Following Direct Appeal

On November 7, 2011, while his appeal was pending before the Ohio Supreme Court, the trial court held a resentencing hearing in accordance with the Ohio Court of Appeals' remand

3

order. (*See* Doc. 13, Ex. 15). In an entry filed November 14, 2011, petitioner was again sentenced to a five-year prison sentence, which consisted of concurrent prison terms of three (3) years for the weapons offense charged in Count 7 and five (5) years for the cocaine trafficking offenses charged in Counts 2 and 5 and the cocaine possession offense charged in Count 3. Counts 1, 4 and 6 were dismissed. (*Id.*). The entry also provided that petitioner was "to receive credit for nine hundred sixty four (964) days time served." (*Id.*).

Petitioner timely appealed to the Ohio Court of Appeals, First Appellate, raising four assignments of error in a brief filed by new counsel on petitioner's behalf. (*See id.*, Exs. 20-21).[2] On August 3, 2012, the Ohio Court of Appeals issued a decision upholding the five-year prison sentence that was imposed "for multiple felonies," but reversing the resentencing judgment in part to the extent that the case was "remanded to the trial court (1) to properly notify Pruitt of his postrelease-control obligations associated with the felonies in counts two, three , and five; (2) to correct the sentencing entry to reflect the proper original [five-year prison] sentence for having a weapon while under disability; and (3) to impose the appropriate driver's license suspension associated with the felonies in counts two, three, and five." (*Id.*, Ex. 23, pp. 4-5, at PAGEID#: 592-93).

The trial court held another resentencing hearing on September 27, 2012 in accordance with the Ohio Court of Appeals' second remand order where the requisite corrections were made. (*See id.*, Brief, pp. 5-6, at PAGEID#: 461-62; *see also* Ex. 24). The resentencing entry imposing concurrent five-year prison terms for the offenses charged in Counts 2, 3, 5 and 7 was filed on October 4, 2012. (*Id.,* Ex. 24). The entry also provided that petitioner was to "receive credit for nine hundred sixty four (964) days time served as of November 7, 2011 and all additional time served." (*Id.*). Petitioner did not pursue an appeal from that decision.

---

[2] It is noted that petitioner did not assert any claim in the appellate brief challenging the award of 964 days of credit for time served. (*See* Doc. 13, Ex. 21).

### State Post-Conviction Petition

In the meantime, on May 2, 2011, petitioner filed a *pro se* petition to vacate or set aside judgment of conviction or sentence pursuant to Ohio Rev. Code § 2953.21 with the trial court. (Doc. 13, Ex. 30). In the petition, petitioner asserted (1) a Fourth Amendment claim stemming from his arrest without a warrant and search of the apartment where he allegedly did not reside; (2) a claim of prosecutorial misconduct; (3) a Sixth Amendment claim based on the alleged lack of "proper notification" of charges "without proper identification of the alleged substances found in the apartment"; and (4) an Eighth Amendment claim of excessive bail. (*See id.*).

The trial court denied the petition on May 4, 2011 by way of an order denying "all pending motions as of the date of this Order." (*See id.*, Ex. 31). Apparently unaware that his post-conviction petition was included in the May 4, 2011 order denying "all pending motions," petitioner filed a motion with the trial court on July 13, 2011, requesting an "expedient ruling" on his post-conviction petition. (*Id.*, Ex. 32). On July 15, 2011, the trial court denied that motion again by way of an order denying "all pending motions as of the date of this Order." (*Id.*, Ex. 33).

Respondent states that petitioner did not pursue an appeal from the denial of his state post-conviction petition. (*Id.*, Brief, p. 7, at PAGEID#: 463).

### State Proceedings On Issue Of Jail-Time Credit

On August 11, 2010, eight days after the original judgment and sentencing entry was issued on August 3, 2010, petitioner filed a *pro se* motion for credit for time served. (Doc. 13, Ex. 7). The trial court granted petitioner's motion on August 24, 2010. (*Id.*, Ex. 8). However, although petitioner requested 1500 days of credit, the trial court granted only "a total of 11 days credit (as of the date of sentencing), plus conveyance time to the institution." (*Id.*).

Over three months later, on December 13, 2010, petitioner filed another *pro se* motion

with the trial court requesting both clarification of the August 24, 2010 order granting his motion for credit for time served and that 1511 days of jail-time credit be awarded to him.  (*Id.*, Ex. 25). On February 17, 2011, the trial court issued an entry granting petitioner's motion and awarding "credit for time served for a total of 1530 days credit." (*Id.*, Ex. 26).  However, the next day, the court issued another order setting aside the February 17, 2011 entry as "inadvertently entered" and granting petitioner "a total of 553 days credit" as of the date of his resentencing on September 22, 2010.  (*Id.*, Ex. 27).  On April 25, 2011, petitioner next filed a *pro se* motion with the trial court seeking verification of the February 17, 2011 entry and challenging the February 18, 2011 order, which petitioner claimed was improperly issued "by way of ex parte communication" and/or "forgery." (*Id.*, Ex. 28).   On April 26, 2011, the trial court denied the motion in a summary order addressing "All Pending Motions."  (*Id.*, Ex. 29).

      Petitioner did not seek appellate review of either the trial court's February 18, 2011 order setting aside the February 17, 2011 entry or the denial of his April 25, 2011 motion.  Instead, he pursued a variety of other avenues of relief in the state courts, which are set forth below in chronological order:

    **1.   July 2011 "Complaint"/Petition For Writ Of Mandamus to Ohio Court of Appeals**

      On July 8, 2011, petitioner filed a *pro se* "Complaint" with the Ohio Court of Appeals, First Appellate District.  (*Id.*, Ex. 42).  In that pleading, petitioner essentially requested that the trial court be ordered to reinstate the February 17, 2011 award of 1530 days of jail-time credit. (*See id.*).  The State responded by filing a motion to dismiss the complaint, which was construed as a petition for writ of mandamus.  (*Id.*, Ex. 43).  The state argued that petitioner had "chosen the wrong vehicle to raise his claim" given that the Ohio Supreme Court had expressly ruled that "[a]lleged errors regarding jail-time credit are not cognizable in mandamus" but instead must "be raised by way of the defendant's direct appeal of his criminal case." (*See id.*, at PAGEID#: 692)

(quoting *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 786 N.E.2d 1286 (Ohio 2003)).

On August 24, 2011, the Ohio Court of Appeals granted the State's motion to dismiss and dismissed the petition for writ of mandamus. (*Id.*, Ex. 44). Respondent states that petitioner did not pursue a further appeal to the Ohio Supreme Court in that matter. (*Id.*, Brief, p. 9, at PAGEID#: 465).

### 2. July 2011 "Motion For An Expedient Nunc Pro Tunc Ruling"

On July 13, 2011, petitioner filed a *pro se* motion entitled "Motion For An Expedient Nunc Pro Tunc Ruling" with the trial court. (*Id.*, Ex. 32, at PAGEID#: 635). In that motion, petitioner challenged the validity of the February 18, 2011 decision setting aside the February 17, 2011 award of 1530 days of jail-time credit and granting petitioner only 553 days of credit. (*See id.*). Petitioner requested the issuance of a "Nunc Pro Tunc Entry" to correct the error by "reinstitut[ing] the February 17, 2011" order. (*See id.*, at PAGEID#: 637).

The motion was denied on July 15, 2011, when the trial court issued an order denying "all pending motions as of the date of this Order." (*Id.*, Ex. 33). Apparently, petitioner did not pursue an appeal from that ruling. (*See id.*, Brief, p. 7, at PAGEID#: 463).

### 3. December 2011/January 2012 "Motions For Correction"

On January 24, 2012, petitioner filed a *pro se* motion entitled "Motion For Correction" with the trial court. (*Id.*, Ex. 34). In that motion, petitioner requested that the sentence imposed following his resentencing on November 7, 2011 in accordance with the Ohio Court of Appeals' first remand order be reduced "by the total number of days granted to the defendant in the entry filed . . . on February 17th, 2011." (*Id.*). Petitioner apparently had filed a similar motion for correction on another earlier date in December 2011. (*See id.*, Ex. 39, at PAGEID#: 668). On January 25, 2012, the trial court denied the motions by way of an order denying "all pending motions as of the date of this Order." (*Id.*, Ex. 35).

7

Petitioner appealed to the Ohio Court of Appeals, First Appellate District, claiming that the trial court had "erred as a matter of law by overruling [his] motion[s] for correction." (*See id.*, Exs. 36-37). On August 29, 2012, the Ohio Court of Appeals overruled the assignment of error and affirmed the trial court's judgment, reasoning in pertinent part as follows:

> In his motions, Pruitt asserted the number of jail-time credit that the trial court had "intended" to afford him was reflected in the February 17, 2011 entry granting him 1530 days of jail-time credit, and not in the February 18, 2011 entry setting aside the February 17 entry and crediting only 553 days. He prayed for a nunc pro tunc entry reanimating the February 17 entry.
>
> A defendant may challenge the calculation of his jail-time credit in the direct appeal of his conviction, in a petition under R.C. 2953.21 et seq. for postconviction relief, or in a motion under Crim.R. 36 for "correct[ion]" of a "clerical mistake[.]" . . .
>
> Pruitt did not raise the matter of jail-time credit in his direct appeal from his 2010 judgment of conviction. . . . He instead raised the matter in a series of posconviction motions.
>
> In the December 2011 and January 2012 "Motion[s] for Correction" from which this appeal derives, Pruitt did not designate the statute or rule under which he sought relief. Nor did he articulate a ground for relief.
>
> In light of the arguments advanced in his earlier postconviction motions, Pruitt's December 2011 and January 2012 motions could fairly be read to allege a factual mistake in the trial court's calculation of his jail-time credit. But Pruitt was not entitled to relief under Crim.R. 36 because he failed to demonstrate that the trial court had credited him with too few days.
>
> Pruitt's arguments on appeal, coupled with his assertion in his motions that the trial court had "intended" to afford him the days of jail-time credit reflected in the February 17, 2011 entry and not those reflected in the February 18 entry, suggest a challenge not to the court's calculation of his credit, but to the lawfulness of the February 18 entry setting aside the February 17 entry. To the extent that the motions could thus be read to allege an error of law, they constituted petitions for postconviction relief, reviewable under the standards provided by R.C. 2953.21 et seq. . . . But the common pleas court had no jurisdiction to entertain the motions on their merits because Pruitt failed to satisfy either the time restrictions of R.C. 2953.21 or the jurisdictional requirements of R.C. 2953.23.

(*Id.*, Ex. 39, at PAGEID#: 667-69).

Respondent states that petitioner did not pursue a further appeal to the Ohio Supreme

8

Court in that matter. (*Id.*, Brief, p. 7, at PAGEID#: 463).

    4. **March 2012 Petition For Writ Of Mandamus to Ohio Supreme Court**

On March 7, 2012, petitioner filed a *pro se* petition for writ of mandamus with the Ohio Supreme Court. (*Id.*, Ex. 45). Petitioner requested the issuance of an order compelling the Ohio Department of Rehabilitation and Correction (ODRC) to follow the trial court's February 17, 2011 entry awarding 1530 days of jail-time credit rather than the "void" February 18, 2011 order containing the forged signature of the trial judge. (*See id.*). The ODRC responded to the petition by filing a motion to dismiss. (*Id.*, Ex. 46). In that pleading, the ODRC argued that (1) petitioner was unable to establish entitlement to a writ of mandamus because the ODRC was required to credit petitioner with the amount of jail time determined by the trial court and could not "ignore" the trial court's February 18, 2011 order setting aside the February 17, 2011 entry "based on a judgment call regarding a judge's signature"; (2) the alleged errors regarding jail-time credit were not cognizable in mandamus; and (3) habeas corpus, rather than mandamus, was the proper remedy to the extent that petitioner sought to be immediately released from prison due to jail-time credit. (*See id.*).

On May 9, 2012, the Ohio Supreme Court granted the motion to dismiss and dismissed the cause without opinion. (*Id.*, Ex. 47).

    5. **June 2012 Petitions For Writ Of Habeas Corpus**

In June 2012, petitioner filed two *pro se* petitions for a writ of habeas corpus in the Pickaway County, Ohio, Court of Common Pleas. (*Id.*, Exs. 48, 50). The cases were consolidated. (*Id.*, Ex. 51). On November 14, 2012, the Pickaway County court granted a motion to dismiss that had been filed by the respondent prison warden. (*Id.*, Ex. 52). The court reasoned in pertinent part that the "issues raised by Petitioner are not cognizable in habeas corpus" because he had an adequate remedy of an appeal "to raise any error by the trial court in

9

calculating his jail-time credit." (*See id.*).

Petitioner filed a notice of appeal to the Ohio Court of Appeals, Fourth Appellate District. (*Id.*, Ex. 53). However, on December 21, 2012, the Ohio Court of Appeals *sua sponte* dismissed the appeal because petitioner had not provided the necessary documentation required by Ohio Rev. Code § 2969.25 for the waiver of prepayment of court filing fees. (*Id.*, Ex. 54). Respondent states that petitioner did not pursue an appeal from that decision to the Ohio Supreme Court. (*Id.*, Brief, p. 10, at PAGEID#: 466).

### 6. February 2013 Petition For Writ Of Habeas Corpus: Ohio Supreme Court

On February 25, 2013, petitioner filed another *pro se* petition for a writ of habeas corpus with the Ohio Supreme Court. (*Id.*, Ex. 55). On October 30, 2013, the Ohio Supreme Court dismissed the action. (*Id.*, Ex. 56). The court reasoned in pertinent part:

> First, habeas is not a substitute for appeal or other remedy in the ordinary course of law such as postconviction relief. . . . Pruitt could have appealed the February 18, 2011 entry, which set aside the February 17, 2011 entry. Indeed, he made the two entries the subject of numerous proceedings, including at least one mandamus action and one motion and appeal. Because he had alternate remedies, this habeas action is properly dismissed. . . .
>
> Second, res judicata precludes Pruitt from filing successive habeas petitions. . . . Because he has filed one previous habeas action raising the same claims, on June 5, 2012, in the Pickaway County Court of Common Pleas, he is precluded from bringing a second one here.
>
> Third, Pruitt's claim is clearly invalid on the merits. He based the original request for 1,500 days of jail-time credit on a statute that does not apply to his situation. R.C. 2945.71(E) requires that each day an accused is held in jail in lieu of bail pending trial be counted as three days for purposes of calculating when the accused should be brought to trial, not for purposes of reducing an eventual prison term.

(*Id.*, at PAGEID#: 801-02). Petitioner filed a motion for reconsideration, which was denied on December 24, 2013. (*See id.*, Ex. 57).

### Federal Habeas Corpus

The instant federal habeas action commenced on January 7, 2014, when petitioner was

still incarcerated at the Pickaway Correctional Institution in Orient, Ohio.  (*See* Doc. 1).  Solely for statute of limitations purposes, it is presumed that petitioner's habeas petition was filed on December 26, 2013, the date that petitioner claims he placed the *pro se* pleading in the prison mailing system for submission to this Court.  (*See id.*, at PAGEID#: 15).[3]  In his petition, petitioner presents the following grounds for relief:

> **Ground One:**  The Respondent acted outside the scope of its employment and authority with malice, in bad faith, in a wanton and reckless manner.
>
> **Supporting Facts:**  The Respondent's – Bureau of Sentence Computation illegally contacted the Judge's office <u>after</u> rec[ei]ving the Entry Granting Motion for Jail Time Credit. . . .   The duty of the Respondent was to carry out the order of the court, dated February 17th, 2011, and nothing more.
>
> **Ground Two:**  The trial court, through its Bailiff, violated Petitioner's due process rights, and circumvented the appeal process.
>
> **Supporting Facts:**  The trial court's Bailiff [redid] the court's original order, and sent the Respondent an unlawful order/entry dated February 18th, 2011, that illicitly set aside the Judge's original order, and he forged the Judge's signature on the Judge's signature line of that order. . . .   The trial court's ex parte entry of the order dated February 18th, 2011 was unlawful.  The only way I found out about the order was when I contacted the Respondent.
>
> **Ground Three:**  Petitioner is being restrained of his liberty in violation of the 14th Amendment to the United States Constitution.
>
> **Supporting Facts:**  The February 17th, 2011 Entry Granting Motion for Jail Time Credit was a final appealable order, and was not appealed by any party, which made it the judgment of case. . . .   My release date and start date of post release control was certified as May 23rd, 2011, which was determined by the Ohio Adult Parole Authority on February 17th, 2011, as a result of the 2-17-2011 assessment....  By refusing to enforce that order the Respondent was also in contempt of court.
>
> **Ground Four:**  Petitioner is considered "false imprisonment" as of this date, and is entitled to monetary relief.
>
> **Supporting Facts:**  I am currently deprived of my liberty at Pickaway Correctional Institution, and restrained of my liberty due to Respondent's refusal

---

[3] It is well-settled that the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing.  *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006).

> to enforce the trial court's original order, granting me credit for time served, on February 17th, 2011. That order became the Judgment of the Case, and was not appealed by any party. The 2-17-2011 shall be enforced as written. I have suffered extreme loss, and damages as a result of this continued confinement.

(*Id.*, at PAGEID#: 5, 7, 8-9, 10). Petitioner has also filed an additional pleading in support of his claims, which the Court has agreed to consider in adjudicating his grounds for relief. (Doc. 4; *see also* Doc. 14).

In the amended return of writ filed in response to the petition, respondent contends that petitioner has waived his claims for relief due to his numerous procedural defaults in the state courts. (Doc. 13, Brief, pp. 14-20, at PAGEID#: 470-76). Respondent also argues that the claims alleged in Grounds One through Three "are all non-cognizable state law claims as well as monumentally meritless" and that the tort claim for damages alleged in Ground Four "is not a federal constitutional claim challenging the fact or duration of [petitioner's] confinement" and thus "is not cognizable on habeas review." (*Id.*, pp. 20-26, at PAGEID#: 476-81).

## II. OPINION

### Petitioner Procedurally Defaulted And Has Waived His Claims For Relief

In all four grounds for relief alleged in the petition, petitioner essentially claims that the trial court's February 17, 2011 entry awarding him 1530 days of credit for time served should have been honored and that the trial court's subsequent entry on February 18, 2011 setting aside the February 17, 2011 order and awarding only 553 days of credit for time served is invalid. (*See* Doc. 1). As respondent has contended in the amended return of writ, petitioner procedurally defaulted and has waived those claims by failing to pursue the proper avenues of relief in the state courts.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the

state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971).  In order to satisfy the fair presentation requirement, the claims asserted in the federal habeas petition must be based on the same facts and same legal theories that were presented to the state courts. *Carter v. Mitchell*, 693 F.3d 555, 568 (6th Cir. 2012) (citing *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998)).  Moreover, a claim is deemed fairly presented only if the petitioner presented his constitutional claims for relief to the state's highest court for consideration. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985).  If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260-62.  The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

13

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review.  *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is procedurally defaulted under the adequate and independent state ground doctrine:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . .  Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . .  Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr,* 265 F.3d 407, 417 (6th Cir. 2001) (in turn quoting *Maupin*)); *see also Johnson v. Bradshaw*, 493 F. App'x 666, 669 (6th Cir. 2012).  Under *Maupin* and as discussed above, if the three prerequisites are met for finding a claim is procedurally defaulted under the adequate and independent state ground doctrine, federal habeas corpus review of the defaulted claim is precluded unless the petitioner can demonstrate cause for and prejudice from his procedural default or that failure to consider the defaulted claim will result in a "fundamental miscarriage of justice."  *Hoffner*, 622 F.3d at 495 (citing *Maupin*, 785 F.2d at 138); *Johnson,* 493 F. App'x at 669.  *See also Coleman*, 501 U.S. at 750; *Harris,* 489 U.S. at 262; *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner committed numerous procedural defaults.  First, he failed to raise

14

the issue of jail-time credit on direct appeal even though the trial court had awarded him only 11 days of credit in an entry filed August 24, 2010.  (*See* Doc. 13, Ex. 8).  Second, petitioner did not pursue an appeal from the trial court's February 18, 2011 order setting aside the February 17, 2011 entry or from the trial court's orders denying his subsequent motions filed in April and July 2011 challenging the validity of the February 18, 2011 order and seeking reinstatement of the February 17, 2011 entry.  (*See id.*, Exs. 28-29, 32-33).  Third, petitioner did not assert any claim challenging the credit he had received in his state post-conviction petition filed in May 2011, *after* the February 17 and 18, 2011 orders were issued.  (*See id.*, Ex. 30).  Moreover, although petitioner was resentenced twice *after* the issuance of the February 17 and 18, 2011 orders, he did not raise the claim in appealing the resentencing decision filed on November 7, 2011, in which he was expressly credited with only 964 days for "time served," and did not pursue any appeal from the final resentencing decision entered on October 4, 2012, in which he was again credited with only 964 days for time served "as of November 7, 2011 and all additional time served."  (*See id.*, Exs. 15, 24).

Petitioner did raise some of the issues presented herein for the first time to the Ohio Court of Appeals in his "Complaint," construed as a petition for writ of mandamus, which was filed with that court in July 2011.  (*See id.*, Ex. 42).  However, the Ohio Court of Appeals relied on an adequate and independent state ground when it granted the respondent's motion to dismiss based on the argument that the "alleged errors regarding jail-time credit" were not cognizable in mandamus.  (*See* id., Exs. 43-44).  In any event, petitioner committed another procedural default in that matter because he did not appeal the Ohio Court of Appeals' ruling to the Ohio Supreme Court.

Petitioner next sought to bring the issue to the state courts' attention by way of his motions for correction of sentence filed with the trial court in December 2011 and January 2012.

However, the Ohio Court of Appeals again relied on an adequate and independent state ground when it refused to consider the merits of petitioner's claim challenging the lawfulness of the February 18, 2011 order setting aside the February 17, 2011 entry because the claim constituted a petition for post-conviction relief that was time-barred under Ohio law. (*See id.*, Ex. 39). In any event, petitioner committed another procedural default in that matter by again failing to pursue a further appeal to the Ohio Supreme Court.

Petitioner's next attempt involved a petition to the Ohio Supreme Court filed in March 2012, in which petitioner requested the issuance of a writ of mandamus against the ODRC as the named respondent. However, the Ohio Supreme Court did not address the merits of petitioner's claims and instead granted the ODRC's motion to dismiss based on the following adequate and independent state-law grounds: (1) the ODRC was required to abide by the trial court's determination of credit and thus could not "ignore" the February 18, 2011 order setting aside the February 17, 2011 entry; (2) the alleged errors regarding jail-time credit were not cognizable in mandamus; and (3) habeas corpus, rather than mandamus, was the proper remedy to the extent that petitioner sought to be immediately released from prison due to jail-time credit. (*See id.*, Exs. 46-47).

Thereafter, petitioner raised the claims in habeas corpus petitions filed in June 2012 with the Pickaway County Common Pleas Court. However, the court granted the respondent prison warden's motion to dismiss based on the adequate and independent state ground that the "issues raised by Petitioner are not cognizable in habeas corpus" given that petitioner had an adequate remedy of an appeal "to raise any error by the trial court in calculating his jail-time credit." (*See id.*, Ex. 52). In any event, petitioner committed additional procedural defaults in that matter by (1) failing to perfect an *in forma pauperis* appeal to the Ohio Court of Appeals, and (2) failing to pursue an appeal to the Ohio Supreme Court from the Ohio Court of Appeals' decision to *sua*

16

*sponte* dismiss the appeal because the petitioner had not provided the necessary documentation for waiver of prepayment of court filing fees.  (*See id.*, Ex. 54).

Finally, petitioner procedurally defaulted the claims that he raised in his February 2013 habeas corpus petition to the Ohio Supreme Court.  The state supreme court relied on adequate and independent state grounds when it dismissed the petition because petitioner could have pursued other alternative remedies, such as an appeal or state post-conviction relief, and was precluded by *res judicata* from filing a successive habeas petition.  (*See id.*, Ex. 56).  The court also found petitioner's claims to be meritless under state law.  However, the adequate and independent state ground doctrine still applies as the federal court is required "to honor a state holding that is a sufficient basis for the state court's judgment" even in cases where the state court reaches the merits of the federal claim in an alternative holding.  *See Harris*, 489 U.S. at 264 n.10; *see also Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994).

In sum, the undersigned concludes that because of petitioner's numerous procedural defaults in the state courts, his claims for federal habeas relief are waived and thus barred from review by this Court unless petitioner "can demonstrate cause for the default[s] and actual prejudice . . . or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *See Hoffner*, 622 F.3d at at 497 (quoting *Coleman,* 501 U.S. at 750).  Petitioner has neither argued nor otherwise demonstrated that failure to consider his claims will result in a "fundamental miscarriage of justice," or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent."  *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).   In addition, petitioner has not argued or otherwise established cause for his numerous procedural defaults in this case.  Therefore, petitioner's defaulted claims for relief are barred from review.

17

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See*

---

[4] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his waived grounds for relief. *See Slack,* 529 U.S. at 484. However, it is noted that as respondent has alternatively argued in the return of writ, petitioner's claims stemming from an alleged error in the calculation of jail-time credits are not cognizable in this federal habeas corpus proceeding. Federal habeas review is limited to consideration of claims alleging a violation of "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on a "perceived error of state law" fall outside the scope of the Court's review and, therefore, do not constitute cognizable grounds for federal habeas relief. *See id.*; *see also Wilson v. Corcoran,* 562 U.S. 1, 5 (2010) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"); *Pulley v. Harris,* 465 U.S. 37, 41 (1984). Claims of error in interpreting and applying state sentencing and crediting statutes raise issues of state law only and thus are not subject to federal habeas review. *See, e.g., Howard v. White*, 76 F. App'x 52, 52-53 (6th Cir. 2003) (holding that the petitioner's claim challenging the trial court's failure to credit him "for the entire time that he was detained in jail prior to the imposition of his sentence" involved "a matter of state concern only" and, therefore, was not a cognizable claim for federal habeas relief); *Turner v. Moore*, No. 1:12cv683, 2014 WL 861196, at *14 (N.D. Ohio Feb. 5, 2014) (Report & Recommendation) (and cases cited therein) (holding that "claims challenging the amount of jail time credit applied (or not applied) to state sentences under state law . . . are a matter of state law and are not cognizable on federal habeas review"), *adopted*, 2014 WL 861119, at *3 (N.D. Ohio Mar. 4, 2014); *Davis v. Voorhies*, Nos. 2:08cv1099, 2:09cv1125, 2:10cv48, 2010 WL 3384983, at *10 (S.D. Ohio July 1, 2010) (Report & Recommendation) (and numerous cases cited therein) (same), *adopted*, 2010 WL 3384981 (S.D. Ohio Aug. 23, 2010); *see also Armstrong v. Salinas*, Civ. Act. No. 6:13-179-KKC, 2014 WL 340399, at *7 (E.D. Ky. Jan. 30, 2014). Furthermore, to the extent that the Ohio Supreme Court decided the state-law issue against petitioner in ruling on his 2013 state habeas petition, this Court is bound by and must defer to the state supreme court's interpretation of state law. *See, e.g., Bennett v. Warden, Lebanon Corr. Inst.,* 782 F. Supp.2d 466, 478 (S.D. Ohio 2011) (citing *Estelle*; *Mullaney v. Wilbur*, 421 U.S. 684, 690-91 (1975); *Warner v. Zent*, 997 F.2d 116, 133 (6th Cir. 1993)).

Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: March 12, 2015          s/ J. Gregory Wehrman
                                                  J. Gregory Wehrman
                                                  United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| KENNETH PRUITT,<br>　　Petitioner | Case No. 1:14-cv-20 |
| vs | Black, J.<br>Wehrman, M.J. |
| OHIO ADULT PAROLE AUTHORITY,<br>　　Respondent | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc